# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Shawn Lorin Henderson,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondents | CV-08-1840-PHX-GMS (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

## I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at San Luis, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 6, 2008 (#1). On January 7, 2009, Respondents filed their Response (#9). Petitioner has not replied.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. PROCEEDINGS AT TRIAL

A Maricopa County Superior Court Information (Exhibit A) was filed charging Petitioner with theft of a means of transportation and unlawful flight. (Exhibits to the Answer, #9 are referenced herein as "Exhibit ___.") The state alleged historical priors (Exhibit B), and various aggravating circumstances (Exhibit C). Eventually, Petitioner entered into a plea agreement, and pled guilty to theft of a means of transportation. (Exhibit F, M.E.

1/5/5.) A Presentence Investigation Report (Exhibit I) was prepared, and on March 2, 2005, Petitioner was sentenced to a 3.5 year prison term. (Exhibit H, Sentence.)

**C. PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal. (Petition #1 at 2, 3 (physical pages 2 and 29).)

**D. PROCEEDINGS ON POST-CONVICTION RELIEF**

**Trial Court** - Petitioner did file a Notice of Post-Conviction Relief (Exhibit J). Counsel was appointed (Exhibit K, M.E. 5/31/5), but eventually filed a Notice of Completion of Review (Exhibit L) reflecting an inability to find a viable issue for review. Petitioner then filed a *pro per* PCR petition (Exhibit N), arguing:

(1) counsel intimidated Petitioner into entering a guilty plea;
(2) counsel was ineffective for failing to advise Petitioner about the risk of consecutive sentencing with another pending prosecution;
(3) counsel was ineffective for advising Petitioner that the prosecutor would recommend concurrent sentences.

The state opposed the petition on the merits. (Exhibit O, Response.)

The trial court summarily dismissed the Petition, based in part upon Petitioner's avowals in the plea proceeding that there were no threats or force used to induce him to plead, and no promises outside the plea agreement.

Petitioner then filed a "Petition for Summary Judgment" (Exhibit R), asserting a denial of due process as a result of failure to hold a hearing on the petition. The Court construed the filing as asserting lack of a ruling, directed service of the Court's earlier denial, and extended the time for a motion for rehearing or petition for review. (Exhibit S, M.E. 1/9/7.) A subsequent request to again extend those time limits was granted. (Exhibit T, M.E. 1/9/7.) Petitioner also filed a Motion to Amend (Exhibit U). The motion was denied. (Exhibit V, M.E. 2/26/7.)

Eventually, Petitioner filed a motion for rehearing (Exhibit W), arguing *inter alia* that

the trial counsel's firm had been appointed to represent Petitioner in his PCR proceeding. The motion was summarily denied. (Exhibit X, M.E. 3/5/7.)

**Arizona Court of Appeals** - Petitioner then filed a Petitioner for Review (Exhibit Y), asserting:

    (1)    ineffective assistance of counsel by:

        (a) failure to adequately consult with Petitioner about the plea offer;

        (b) failure to provide Petitioner a copy of the pre-sentence investigation;

        (c) permitting a coerced plea agreement through threats of a 20 year sentence;

        (d) coaching Petitioner's testimony at the plea proceeding

        (e) misrepresenting that the sentence would be concurrent to another sentence;

        (f) failure to pursue mitigation of the sentence;

        (g) failure to object to reliance on the presentence report and prior convictions; and

    (2)    the trial court violated the Arizona rules by using a prior conviction to determine his sentence and thereby violating Petitioner's rights under *Apprendi*.

The Arizona Court of Appeals summarily denied review. (Exhibit Z, Order 11/30/07.)

**Arizona Supreme Court** - Petitioner then filed a Petition for Review (Exhibit AA) with the Arizona Supreme Court, asserting ineffective assistance of counsel during the plea negotiations and before the Court of Appeals. The Arizona Supreme Court summarily denied review. (Exhibit BB, Order 5/29/08.)

## E. PRESENT FEDERAL HABEAS PROCEEDINGS

Petitioner commenced the present proceeding by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 6, 2008 (#1). Petitioner asserts four grounds for relief:

    (1)    Petitioner's trial counsel was ineffective in violation of the Sixth Amendment in advising Petitioner on the plea agreement

(2) Petitioner's trial counsel was ineffective by failing to provide Petitioner with a copy of the presentence report, in violation of the Sixth Amendment;

(3) Petitioner's trial counsel was ineffective, in violation of the Sixth Amendment, in failing to ensure that Petitioner's sentencing was fundamentally fair; and

(4) the trial court abused its discretion and violated Apprendi by considering a prior conviction during sentencing.

On January 7, 2009, Respondents filed their Response (#9), arguing that the Petitioner has failed to fairly exhaust his claims by presenting his ineffective assistance claims as federal claims before the trial court, and is now barred from doing so by Arizona's time and preclusion bars. Respondents also argue that Ground 1 is without merit.

Petitioner has not replied.

On August 13, 2009, the undersigned directed (#10) Respondents to supplement the record with complete copies of Petitioner's PCR Petition. On August 17, 2009, Respondents complied, filing Exhibit N (#11). Petitioner was given an opportunity to object to the exhibit, but has not responded.

### III. APPLICATION OF LAW TO FACTS

#### A. SUBSTITUTION OF RESPONDENTS

Dora Schriro, Director of the Arizona Department of Corrections is presently named as Respondent in this action. However, Charles Ryan appears to be the current Director. Rule 25(d), Federal Rules of Civil Procedure, provides for automatic substitution of public officers by their successors. Accordingly, an order of substitution should be entered.

#### B. EXHAUSTION AND PROCEDURAL DEFAULT

Respondents argue that Petitioner's claim is unexhausted, now procedurally defaulted, and thus barred from habeas review.

//

//

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied,* 455 U.S. 1023 (1982).

**a. Proper Forum/Proceeding**

Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989). "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.1999)).

Respondents argue (Answer, #9 at 10 n. 4) that presentation to the Arizona Supreme Court (not just the Arizona Court of Appeals) is required for exhaustion, citing *Baldwin v. v. Reese,* 541 U.S. 27, 30–33 (1999). The Ninth Circuit's subsequent reliance on *Swoopes* in *Castillo*, notwithstanding *Baldwin*, dispels this argument. Moreover, nothing in *Baldwin* precludes the reasoning in *Swoopes*. Nor does the language cited by Respondents from *State v. Ikirt*, 160 Ariz. 113, 117, 770 P.2d 1159, 1163 (1989), which predated the Arizona Supreme Court's decision in *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (Ariz.1989), on which *Swoopes* is based.

//

### b. Fair Presentment

To result in exhaustion, claims must not only be presented in the proper forum, but must be "fairly presented." That is, the petitioner must provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. 28 U.S.C. § 2254; *Picard v. Connor,* 404 U.S. 270, 276-277 (1971). A claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds, *Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007)).

"Of course, a claim is exhausted if the State's highest court expressly addresses the claim, whether or not it was fairly presented." *Casey v. Moore*, 386 F.3d 896, 916 n. 18 (9th Cir. 2004) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).

### 2. Application to Petitioner's Claims

**a. Ground One - IAC re Advice on Plea** - In his first ground for relief, Petitioner alleges trial counsel was ineffective in violation of the Sixth Amendment in advising Petitioner on the plea agreement. In particular, Petitioner argues that trial counsel was ineffective because there were unspecified "glaring inconsistencies in plea negotiations. . . and counsel's failure to insure that the overall circumstances surrounding the plea agreement were the product of a fundamentally fair procedure untainted by any type of coercion" (Petition, #1 at 6.)[1] He also argues that "counsel never read or explained the terms and conditions of the plea agreement." (*Id.*)

In his PCR Petition for Review, Petitioner argued that counsel was ineffective because "Petitioner's counsel [had not] conferred with him about . . .the terms and conditions of the

---

[1] Petitioner also complains in his Ground One that counsel failed to review the presentence report with Petitioner, resulting in unspecified errors and failed to raise the errors. This is duplicative of Ground Two and is addressed in connection with that ground for relief.

- 6 -

plea agreement." (Exhibit Y at 2.) He clarified that counsel had failed to alert him that his prior felony convictions could be used against him and that his sentences could be consecutive. (*Id.* at 2-C.) However, Petitioner did not assert that broad claim to the trial court in his PCR Petition. Rather, that petition was limited to arguing that counsel failed to inform Petitioner that consecutive sentences were possible. (Exhibit N at 3-4.)

Effect of Skipping Trial Court - Presentation to the Arizona Court of Appeals for the first time is not sufficient to exhaust an Arizona state prisoner's remedies. "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). In *Casey v. Moore*, 386 F.3d 896 (9th Cir. 2004), the court reiterated that to properly exhaust a claim, "a petitioner must properly raise it on every level of direct review." *Id.* at 916.

> Academic treatment accords: The leading treatise on federal habeas corpus states, "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) *throughout one entire judicial postconviction process* available in the state."

*Id.* (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (4th ed. 1998) (emphasis added).[2]

In Arizona, review of a petition for post-conviction relief by the Arizona Court of Appeals is governed by Rule 32.9, Arizona Rules of Criminal Procedure, which clarifies that review is available for "issues which were decided by the trial court." Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also State v. Ramirez,* 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ariz.App., 1980) (issues first presented in petition for review and not presented to trial court not subject

---

[2] For the same reason, it is irrelevant whether Petitioner subsequently raised his previously un-presented claims to the Arizona Supreme Court in his Petition for Review (Exhibit AA) of the court of appeals' decision, of which review was summarily denied (Exhibit BB, Order 5/29/08).

to review).[3]

Thus, Petitioner's failure to present claims to the trial court in a PCR petition before presenting them to the Arizona Court of Appeals precludes a finding that they have been fairly presented.

Therefore, the only portion of Ground One that could be deemed fairly presented, and thus exhausted, is Petitioner's claim that counsel was ineffective for failing to advise him that consecutive sentences were possible. Indeed, Respondents concede that under *Swoopes*, this claim would be exhausted, had Petitioner asserted it as a federal claim. (Answer, #9 at 10.)

<u>Assertion as Federal Claim</u> - Respondents argue, however, that Petitioner merely presented the facts of this claim, and failed to identify the claim as a federal one. Indeed, while the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(per curiam).

Respondents describe Petitioner's state petitions as simply asserting claims of "ineffective assistance of counsel." They cite several cases holding that simply designating a claim as one for "ineffective assistance of counsel" is insufficient to fairly present a federal claim. Here, however, Petitioner did not simply argue ineffective assistance.

Instead, in his PCR Petition, Petitioner referred to his claim as assertions of "ineffective assistance of counsel which caused a violation of the Petitioner's Constitutional Rights of Due Process." (Exhibit N at 3.) In Arizona, the state right to counsel arises under Article II, § 24 of the Arizona Constitution. That provision is not part of the State's

---

[3] *Ramirez* relied in part on Rule 32.9(a), Ariz. R. Crim. P., which at the time required that issues for review also be preserved in a motion for rehearing to the PCR court. Although the motion for rehearing requirement has since been eliminated, the *Ramirez* requirement for presentation to the PCR court continues to be relied upon and cited by the Arizona courts, albeit in unpublished decisions. *See e.g. State v. Moore*, 2009 WL 4346434 (Ariz. App. 2009) (unpublished).

guarantee of due process. *See* Ariz. Rev. Stat. Const. Art. 2 § 4. It is true that Arizona's due process guarantee does indirectly incorporate a right to counsel in some situations. *See eg. State v. Transon*, 186 Ariz. 482, 485, 924 P.2d 486, 489 (App. 1996) (due process right to gather evidence incorporates right to counsel during gathering). On the other hand, the federal Sixth Amendment right to counsel, and the concomitant right to effective counsel, is applicable to the states only through the Due Process Clause of the federal constitution. *Gideon v. Wainwright*, 372 U.S. 335 (1963). Thus, Petitioner's qualification of his claim of ineffective assistance as arising under his "Constitutional Rights of Due Process" would have meant to any reasonable jurist in Arizona that the Petitioner was asserting the violation of his federal right to effective assistance of counsel.[4]

In his petition for review, Petitioner made much clearer reference to federal law, arguing that "court appointed counsel was grossly ineffective violating Petitioner's Sixth Amendment right." (Exhibit Y, Petition at 2.) He further referenced his right to counsel "pursuant to both federal and state law." (*Id.*) And, he specifically cited to *"Strickland v. Washington*, 466 U.S. 668, 671" as establishing the controlling test. (*Id.* at 2-A.)

<u>Conclusion re Exhaustion of Ground One</u> - Accordingly, the undersigned concludes that Petitioner fairly presented as a federal claim his claim that counsel was ineffective for failing to advise him that consecutive sentences were possible.

The remainder of Ground One, however, is unexhausted.

**b. Ground Two: IAC re Copy of Presentence Report** - For his Ground Two, Petitioner argues that trial counsel was ineffective by failing to provide Petitioner with a copy of the presentence report, in violation of the Sixth Amendment. Although generally attacking the effectiveness of counsel with regard to sentencing, Petitioner did not argue in his PCR petition that such ineffectiveness included failure to provide the presentence report. (*See* Exhibit N, PCR Pet.) He did raise the claim in his Petition for Review (*see* Exhibit Y at 2-

---

[4] In addition, Petitioner plainly asserted his ineffective assistance claims as asserting a federal claim in his Motion for Rehearing, citing a variety of federal cases. (*See* Exhibit W, Mot. Rehearing at VI, *et seq.*)

A), but as discussed above, his failure to raise it to the trial court precludes a finding that the claim was fairly presented. Accordingly, the undersigned concludes that this ground for relief is unexhausted.

**c. Ground Three: IAC re Sentencing** - For his Ground Three, Petitioner argues that counsel was ineffective for failing to insure that the sentencing was "fundamentally fair" by failing to object to errors and omissions in the presentence report.[5] Petitioner made no such allegations in his PCR Petition (Exhibit N) or his Motion for Rehearing (Exhibit W). Petitioner did assert these allegations in his Petition for Review to the Arizona Court of Appeals. (Exhibit Y at 2-E.) But, as discussed above, his failure to raise them to the trial court precludes a finding that the claim was fairly presented. Accordingly, the undersigned concludes that this ground for relief is also unexhausted.

**d. Ground Four: *Apprendi*** - In his Ground Four, Petitioner asserts that the trial court violated his right to a jury trial at sentencing under *Apprendi* by considering a prior conviction during sentencing. He asserted no such claim in his PCR Petition (Exhibit N), nor his Motion for Rehearing (Exhibit W). In his Petition for Review, he did argue that he was never advised of his *Apprendi* rights, and thus his admission of his prior convictions was not knowing and intelligent as required by Arizona Rule of Criminal Procedure 17.6. (Exhibit Y, PFT at 2-G). However, as discussed above, his failure to raise it to the trial court precludes a finding that the claim was fairly presented. Accordingly, the undersigned concludes that this ground for relief is unexhausted.

**e. Summary re Exhaustion** - Petitioner has failed to exhaust all of his claims except that portion of Ground One asserting that counsel was ineffective for failing to advise him that consecutive sentences were possible.

//

//

---

[5] Petitioner also includes in his Ground Three additional allegations about counsel's failure to properly advise him on the plea agreement. These allegations are repetitive of the claims in Ground One, and are addressed herein above.

- 10 -

### 3. Procedural Default

Ordinarily, unexhausted claims are dismissed *without prejudice*. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief. Dismissal *with prejudice* of a procedurally barred or procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts. Respondents rely upon Arizona's preclusion bar, set out in Ariz. R. Crim. Proc. 32.2(a), and its timeliness bar in Ariz. R. Crim. P. 32.4. (Answer, #9 at 13.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims. Moreover, because Petitioner entered a guilty plea, he has no right to file a direct appeal. *See* Ariz. Rev. Stat. § 13-4033; Ariz. R. Crim. P. 17.1(e); *State v. Stevens*, 173 Ariz. 494, 495, 844 P.2d 661, 662 (App. 1992).

**Remedies by Post-Conviction Relief** - Petitioner can also no longer seek review by a subsequent PCR Petition. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). *See* Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness

bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor, with one exception, does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Paragraph (f) has no application where the petitioner filed a timely notice of appeal. Paragraph (g) has no application because Petitioner has not asserted a change in the law. Finally, paragraph (h), concerning claims of actual innocence, has no application to Petitioner's procedural claims. *See State v. Swoopes*, 216 Ariz. 390, 404, 166 P.3d 945, 959 (App. 2007) (32.1(h) did not apply where petitioner had " not established that trial error ...amounts to a claim of actual innocence").

Accordingly, the undersigned must conclude that review through Arizona's direct

appeal and post-conviction relief process is no longer possible for Petitioner's unexhausted claims. Accordingly, these unexhausted claims are procedurally defaulted, and absent a showing of cause and prejudice or actual innocence, must be dismissed with prejudice.

If the habeas petitioner has procedurally defaulted on a claim, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984). Failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) Here, Petitioner has offered no explanation to excuse his failure to exhaust. The undersigned finds none. Nor has Petitioner made any assertion that he is actually innocent.

Accordingly, Petitioner's unexhausted claims must be dismissed with prejudice.

## C. MERITS OF EXHAUSTED PORTION OF GROUND ONE

The exhausted portion of Petitioner's Ground One asserts that trial counsel was ineffective for failing to advise him that consecutive sentences were possible. Respondents argue that the trial court's[6] rejection of this claim was not an unreasonable application of nor contrary to Federal law, as required for habeas relief under 28 U.S.C. § 2254.

The trial court rejected this claim, having determined that at the plea proceeding the Petitioner "indicated that he knew that the sentences could be made to run consecutively and [Petitioner] also acknowledged that each plea agreement contained everything he agreed to and that no promises had been made other than those set forth in the plea agreements." (Exhibit Q, M.E. 5/31/06 at 1.)

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, petitioner must show: (1) deficient performance - counsel's representation fell below the

---

[6] This Court reviews the "last reasoned decision" by the state courts. *Ylst v.Nunnemaker*, 501 U.S. 797, 804 (1991). The Arizona Court of Appeals (Exhibit Z) and Arizona Supreme Court (Exhibit BB) issued summary denials. Accordingly, it is the trial court's decision which is reviewed on this claim.

- 13 -

objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88, 694. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

In the context of a guilty plea, the defendant must prove he was prejudiced from counsel's deficient performance by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland*, 466 U.S. at 694.

Even if one assumes that counsel failed to advise Petitioner that he could receive consecutive sentences, Petitioner became aware of such an outcome at the plea proceeding, prior to entering his plea, as a result of the Court's colloquy.

> THE COURT: Do you understand the sentences could be made to run consecutively, or on top of one another?
> THE DEFENDANT: Yes, sir.

(Exhibit E, R.T. 1/5/5 at 5.) In *U.S. v. Rubalcaba*, 811 F.2d 491 (9th Cir. 1987), the court rejected a claim of ineffective assistance based on failure to properly advise of the potential of consecutive sentences, because the defendant had acknowledged to the court at the plea proceeding the potential for consecutive sentences. "Even if Rubalcaba's attorney acted incompetently by misinforming him of the nature of the plea bargain, Rubalcaba has failed to show this act prejudiced him." *Id.* at 494.

It is true that the *Rubalcaba* court also referenced the defendant's acknowledgment "that he was satisfied with his attorney." *Rubalcaba*, 811 F.2d at 494. *See also Gonzalez v. U.S.*, 33 F.3d 1047, 1051-52 (9th Cir. 1994) (citing *Rubalcaba* and rejecting claim based on advice by court and acknowledgment of satisfaction with counsel). Petitioner made no similar representation to the court in this case. However, it is not clear to the undersigned the import of such acknowledgment of satisfaction with counsel. The deficiency of counsel was, in effect, cured by the court's advice, thus eliminating any prejudice. The Petitioner's satisfaction with counsel, as a general matter, might further derogate his claim of

- 14 -

ineffectiveness, but is logically unnecessary to a conclusion that the deficiency in advice was non-prejudicial.

Moreover, at least one court has read *Rubalcaba* as being based on the trial court's advice at the plea colloquy, without reference to the defendant's purported satisfaction with counsel. *See U.S. v. Davis*, 428 F.3d 802, 807 (9th Cir. 2005). Further, other courts have relied upon a defendant's advice at the plea colloquy without requiring such a representation as to satisfaction with counsel. *See e.g. U.S. v. Boniface*, 601 F.2d 390 (9th Cir. 1979) (misrepresentation about possible sentencing by attorney irrelevant where court properly advised defendant on effect of plea)); and *Doganiere v. U.S.*, 914 F.2d 165 (9th Cir. 1990) (same).

Accordingly, the undersigned finds that Petitioner has failed to show that but for his counsel's presumably defective advice he would not have pled guilty. Therefore, his claim of ineffective performance is without merit, and this remaining portion of Ground One should be denied.

## G. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. In such event, a decision on a certificate of appealability will be required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds and in part on the merits. As to both, the undersigned finds that jurists of reason would not find the conclusions reached herein debatable. Accordingly, the certificate of appealability should be denied.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Charles L. Ryan, as successor to Dora Schriro as Director of the Arizona Department of Corrections, be **SUBSTITUTED** for Respondent Dora Schriro.

**IT IS FURTHER RECOMMENDED** that the portion of Petitioner's Petition for Writ of Habeas Corpus, filed on October 6, 2008 (#1), alleging ineffective assistance of counsel based on failure to advise Petitioner on consecutive sentencing be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the remainder of Petitioner's Petition for Writ of Habeas Corpus, filed on October 6, 2008 (#1), be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that in the event this Report & Recommendation is adopted, that a certificate of appealability **BE DENIED**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: February 8, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Civil Cases\Active Cases\Henderson 2-08CV1840\08-1840-001r RR 09 07 31 re HC.wpd